UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re 2000 Sugar Beet Crop Insurance Litigation

File Nos. 01-CV-1629
01-CV-1630
01-CV-1632
01-CV-1633
01-CV-1634
01-CV-1635
01-CV-1636
01-CV-1637
02-CV-0985

**AMENDED STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests;

WHEREAS, certain materials have been or may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information, as more fully defined below in Paragraph 1;

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

FILED JUN 2 7 2003
RICHARD D. SLETTEN
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. Any and all information, documents, or materials produced, including, without limitation, disclosures, answers to interrogatories, responses to other discovery requests, deposition transcripts, or applicable portions thereof, and documents which have been marked, stamped, listed or otherwise identified by either party as "Confidential" (hereinafter "Confidential Materials") shall be subject to the following restrictions of the Stipulated Protective Order. Confidential Materials shall include, without limitation, financial, trade secret and other non-public or proprietary information of any party to this litigation, the Southern Minnesota Beet Sugar Cooperative, and any person providing information in discovery in this litigation (and such other lawsuits as may be consolidated thereto for the purposes of discovery).

2. Except as otherwise provided, access to any Confidential Materials shall be limited solely to the following persons:

(a) Counsel for the parties and their associates, legal assistants, or other support employees in order to conduct this litigation;

(b) the plaintiffs, the defendants, and the third-party defendant and any officers, directors, agents, or employees of a party in order to conduct this litigation;

(c) any expert or consultant retained for the conduct of this litigation;

(d) any prospective or actual deponent or trial witness, whether or not he or she has previously seen such Confidential Materials before this litigation commenced, in order to testify or to prepare for giving testimony; and

(e) the Court, authorized Court personnel, and any arbitrators who have been engaged in this matter.

Before disclosing Confidential Materials to any person in categories (c) or (d) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

3. Confidential Materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in paragraph 2 above, nor shall such Confidential Materials or their contents be publicized in any manner.

4. If a dispute arises as to the designation of materials as Confidential Materials, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of materials claimed to be restricted by this Stipulated Protective Order shall submit to the Magistrate Judge a motion challenging the coverage of this Stipulated Protective Order with respect to such material. Any contested material for which a motion is made and for which requested relief is granted shall be deemed outside the scope of this Stipulated Protective Order. No disputed documents shall be disclosed while such motion is pending.

5. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as Confidential Materials shall not constitute a waiver of the rights of a party subsequently to designate such materials as

Confidential Materials or otherwise to assert confidentiality with respect to any document, material, or information. Any information, document or material designated as Confidential Materials shall be treated as if it had been designated as Confidential Materials when first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date. If a party produces multiple copies of information, documents, or materials and one copy has not been designated as Confidential Materials, all copies shall be treated as Confidential Materials. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by party as Confidential Materials shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

6. The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the party to whom the document has been produced shall return the materials or document promptly and not retain any copies, summaries or other abstracts. The party to whom the privileged or protected materials were produced may file a motion to challenge the claim of privilege or protection and to compel production of the document or materials.

7. If any party intends to file or utilize at trial any materials designated as Confidential Materials, then such materials shall be filed under seal or utilized at trial in a manner consistent with their confidential nature and the rules of the trial court.

8. This Stipulated Protective Order and the handling of Confidential Materials may be the subject of further orders of the Court and nothing herein shall preclude any party from

applying to the Court for a modification of this Stipulated Protective Order or for the reclassification of any materials produced in this litigation.

9. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, all Confidential Materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any Confidential Materials shall be returned or destroyed.

10. Nothing in this Stipulated Protective Order precludes a party which has designated documents or items as Confidential Materials from using any such document or item as such party sees fit.

11. The parties, or some of them, have served subpoenas for production of certain documents upon Farm Credit Services of Minnesota Valley ("FCS"). Any and all documents produced by FCS in response to any such subpoenas, or any subpoenas which may hereafter be served upon them by any such parties, are "Confidential Material" within the meaning of Paragraph 1 of this Stipulated Protective Order, and the confidentiality of such documents will be preserved in accordance with the terms of this order. By entry of this order, the Court hereby directs production of such documents responsive to the subpoenas, subject to and preserving FCS's right to object to the scope of any such subpoenas under Federal Rule of Civil Procedure 45, and upon payment of FCS's reasonable production and copying costs. This order is entered pursuant to 12 C.F.R. § 618.8330(b),

Dated: June ___, 2003

DORSEY & WHITNEY LLP

By: ______________________________
George G. Eck, #025501
Daniel J. Brown, #298992
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2807

Attorneys for Plaintiffs in Nos. 01-CV-1629, 01-CV-1630, 01-CV-1632, 01-CV-1633, 01-CV-1634, 01-CV-1635, 01-CV-1636, and 02-CV-985

Dated: June 13, 2003

BASSFORD, LOCKHART, TRUESDELL & BRIGGS, P.A.

By: ______________________________
Mark P. Hodkinson, #113554
Dale M. Wagner, #159189
33 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402-3787
Telephone: (612) 333-3000
Facsimile: (612) 333-8829

Attorneys for Plaintiffs in No. 01-CV-1637

Dated: June 13, 2003

WINTHROP & WEINSTINE, P.A.

By: ______________________________
Thomas H. Boyd, #200517
3200 Minnesota World Trade Center
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 290-8400
Facsimile: (651) 292-9347

Attorneys for All Defendants and Third-Party Plaintiffs in Nos. 01-CV-1629, 01-CV-1630, 01-CV-1632, 01-CV-1633, 01-CV-1634, 01-CV-1635, 01-CV-1636, 01-CV-1637, and 02-CV-985

**ORDER**

Based on the foregoing Stipulation, IT IS HEREBY ORDERED that the Clerk of Court shall enter and effect foregoing the terms of this Stipulated Protective Order accordingly.

Dated: June 26, 2003

Franklin L. Noel

The Honorable Franklin L. Noel
United States Magistrate Judge

**EXHIBIT A**

AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Stipulated Protective Order in In re Sugar Beet Insurance Litigation, Civil File No. 01-CV-1629 et seq., has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court, District of Minnesota, may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.

Dated: ______________________________ ____________________________________

2040254v1

# UNITED STATES DISTRICT COURT

## District of Minnesota

700 Federal Building
716 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55082

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.